IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEWITT THOMAS SMITH, JR.,

    Plaintiff,                                 16cv1633
                                            ELECTRONICALLY FILED

    v.

MERCY BEHAVIOR HEALTH, JEAN CONNORS *PSYCHIATRIC ASSITANT*

    Defendants.

_____

DEWITT THOMAS SMITH, JR,

    Plaintiff,                                 16cv1636
                                            ELECTRONICALLY FILED

    v.

ALLEGHENY COUNTY VOTERS REGISTRATION DEPARTMENT, PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES *Chief Director and Accounting Department*,

    Defendants.

_____

DEWITT THOMAS SMITH, JR,

    Plaintiff,                                 16cv1638
                                            ELECTRONICALLY FILED

    v.

MAMMIE MELLOW *the 8th*, MELLON BAN,

    Defendants.

_____

**Memorandum Order Dismissing Plaintiff's Most Recent Three (3) Frivolous Complaints**

　　**I.　　Background – Prior Three (3) Lawsuits**

*Pro se* Plaintiff, Dewitt Thomas Smith, Jr., is a "frequent filer" of complaints. This Court's research reveals a total of thirty-two (32) lawsuits, the first two of which dating back to 2009, which were dismissed for failure to pay the filing fee/request In Forma Pauperis Status (IFP) (docket. nos. 09-cv-1668, and 09-cv-1714). On July 28, 2016, Plaintiff brought a civil rights lawsuit before the undersigned against nine (9) Defendants, including among others, the Allegheny County Common Plese [sic] Court. On August 9, 2016, this Court dismissed this lawsuit for failure to state a claim upon which relief may be granted, on the basis that the lawsuit related to actions taken during his arrest in 1963/1964. Thus, his 2016 claims for violation of his due process rights under the Constitution were not timely filed and therefore were dismissed as frivolous under 28 U.S.C. § 1915, finding that amendment would be futile. Docket. No. 16-cv-1132 at doc. no. 3.

　　**II.　　Recently Filed Frivolous Lawsuits**

On or about August 12, 2016, Plaintiff mailed a barrage of nine (9) separate Pro Se Complaints making myriad claims against a sundry of government officials, including Erie County Jail Year 1987 Warden and Buffalo State Hospital Director Year 1987, for alleged improper psychological and medical treatment dating back to 1987, as well as numerous corporate entities including Kimberly Clark Kleenex Corpraction [sic], Money Gram, Afrezza

Corpraction [sic] Mankind and Toujo Sanofi Corpraction [sic], General Dollar Sto [sic] Owners, Vivitrol Corpraction [sic], and People's Gass Corpaction [sic].[1]

On August 23, 2016, this Court found that the allegations of all nine (9) Complaints were both individually and collectively frivolous and no amendment would be permitted for any of the listed Complaints, because no amendment could cure the deficiencies that required dismissal in these cases. Simply put, the Court found that the allegations within these Complaints were fanciful and irrational; and therefore, the Court GRANTED Plaintiff IFP status and DISMISSED AS FRIVOLOUS (with no further opportunities to amend) docket nos. 16-cv-1270, 16-cv-1271, 16-cv-1272, 16-cv-1273, 16-cv-1274, 16-cv-1275, 16-cv-1276, 16-cv-1277, and 16-cv-1278.

Then, only one week after this Court dismissed nine (9) of Plaintiff's frivolous Complaints, Plaintiff filed another six (6) Complaints against U.S.S. Steel Corpaction [sic] Owners, the Allegheny County Jail, Chief Seacqitory [sic] of the Army, Mercy Behaivor [sic] Health et al., Ban O Rial Roads Corprations Owners, et al., and Defents [sic] an Owners Walmart Corporaction [sic] at dockets nos. 16-cv-1323, 16-cv-1324, 16-cv-1325, 16-cv-1326, 16-cv-1327 and 16-cv-1328, respectively. The factual allegations of the numerous Complaints, while often illegible, appeared to discuss his medical situation during his upbringing, improper medical treatment, his requests to secure employment (with regard to claim against US Steel Corporation), purchases he made at Walmart, and like all of the prior Complaints, Plaintiff sought to be awarded fantastical amounts of damages for his emotional and mental distress.

---

[1] Absent from all of Plaintiff's lawsuits is a failure to pay the filing fee or any formal request for IFP status on the appropriate form. Because Plaintiff filed the necessary paperwork requesting IFP status in the above-referenced July 28, 2016 lawsuit, which the Court granted by Order at doc. no. 3 (docket no. 16-cv-1332), the Court will grant Plaintiff IFP status in the instant cases.

On August 30, 2016, this Court dismissed as frivolous the nine (9) prior lawsuits, without an opportunity to amend at 16-cv-1323, 16-cv-1324, 16-cv-1325, 16-cv-1326, 16-cv-1327 and 16-cv-1328.

Approximately two weeks after the Court issued the Memorandum Order dismissing the immediately hereinabove referenced cases, starting on September 12, 2016, Plaintiff filed another seven (7) lawsuits.

Many of Plaintiff's recent Complaints, like many of his prior Complaints, discussed the following: Plaintiff's mental health history as a paranoid schizophrenic, his traumatic brain injury as a result being struck by a car while a pedestrian at the age of 10, his prior incarceration with alleged illegal confinements dating back to 1976, the United States Army's improper drafting of him based upon his mental diagnosis, and his criminal history of serving 31 years in prison in Pennsylvania, Ohio and New York. These lawsuits contained similar allegations and in some instances named the same defendants as prior lawsuits. The Court dismissed these lawsuits by Order of September 30, 2016. See docket nos. 16-cv-1486, 16-cv-1487, 16-cv-1490, 16-cv-1497, 16-cv-1498, 16-cv-1499, and 16-cv-1504. The Court dismissed another two lawsuits by Order of October 11, 2016. 16-cv-1543 and 1544. On October 24, 2016, the Court dismissed two more lawsuits. 16-cv-1592 and 16-cv-1593

Counting the current three (3) complaints, Plaintiff has filed a grand total of thirty-two (32) lawsuits, thirty (30) of which have been filed since July of 2016. The current complaints against the Allegheny County Voters Registration Department, Mercy Behaivor [sic] Health and Jean Connors, and Mammie Mellow and Mellon Ban contain scant and often illegible allegations, but the first appears to relate to Plaintiff attempting to register to vote (which Plaintiff raised in a prior Complaint at 16-cv-1592), the second appears to be again related to his

treatment at Mercy Behavior Health (again a repeated claim throughout his prior complaints), and the third is against Mammie Mellon, is wholly incomprehensible other than a request for fantastical amounts of damages, which is common to all of Plaintiff's lawsuits.

### III. Discussion

Title 28 United States Code Section 1915A obligates the Court to review an IFP prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915A(b)(1). Section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D. Pa. 1997).

Additionally, 28 U.S.C. § 1915 (e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that–
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune
from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)) was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id*. at 327.

Where a complaint alleges facts that are "clearly baseless," "fanciful," or "delusional," it may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25 (1992). If the pro se plaintiff

5

can cure the factual allegations in order to state a claim, the Court should grant him or her leave to do so. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). A determination of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez,* 504 U.S. 25, 33 (U.S. 1992)(citing *Neitzke* at 328).

## IV. Conclusion

Having reviewed Plaintiff's pending claims as contained in the recently filed Complaints, the Court finds that the allegations of these Complaints are individually and collectively fanciful, delusional and frivolous and no amendment will be permitted for the current Complaints, because no amendment could cure the deficiencies that require dismissal in these cases. Accordingly, the Court hereby GRANTS Plaintiff IFP status and DISMISSES AS FRIVOLOUS (with no further opportunities to amend) the Complaints at docket nos. 16-cv-1633 and 16-cv-1636 and 1638.

The Clerk of Court shall therefore mark these dockets closed.[2]

**SO ORDERED** this 1st day of November, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
DEWITT THOMAS SMITH, JR.
538 1/2 Evans Street
Apartment 1
First Floor
McKeesport, PA 15132-2001
PRO SE – via first Class Mail

---

[2] This Court reiterates as it did in the August 30, 2016 Order, the September 31, 2016 Order, the October 11, 2016 Order and the October 24, 2016, dismissing his prior lawsuits, should Plaintiff continue on his current course of filing frivolous lawsuits, the Court will consider the propriety of issuing a Rule to Show Cause why he should not be found to be a vexatious litigant. See *Banks v. Pope Francis, et al.* 15-cv-1385 (W.D. Pa. 2015) at doc. no. 7.